Filed 7/14/26  P. v. Blocksom CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087083 |
| v. | (Super.Ct.No. FVI22001336) |
| ERIC DOUGLAS BLOCKSOM, | TENTATIVE OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Dismissed.

Eric Blocksom in pro. per. and Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Appellant.

1

## INTRODUCTION

Defendant and appellant Eric Douglas Blocksom filed a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and Penal Code[1] section 1172.1, which the trial court denied.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We offered defendant the opportunity to file a personal supplemental brief, which he has done. He requests that this court remand the matter for resentencing and direct the trial court to dismiss his gang enhancement pursuant to section 1385, subdivision (c), as amended by Senate Bill 81. We dismiss the appeal.

## PROCEDURAL BACKGROUND

On February 21, 2023, defendant pled no contest to voluntary manslaughter (§ 192, subd. (a), count 1) and admitted that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)C)), and he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)). The court sentenced defendant to a total term of 31 years in state prison, consisting of 11 years on count 1 and 10 years on each of the enhancements.

On July 25, 2025, defendant filed a request for recall and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. The court denied the request by minute order, noting, "Pursuant to PC1172.1(C) the defendant is not entitled to file the petition."

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

DISCUSSION

The appeal filed in the superior court on October 9, 2025, from the trial court's denial of defendant's postjudgment motion for resentencing under section 1172.1 must be dismissed because it does not affect defendant's substantial rights. (§ 1237, subd. (b).) The trial court lacked jurisdiction to adjudicate the motion for resentencing. (§ 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section."].) Since the court lacked jurisdiction when it denied defendant's resentencing motion, denial of the motion could not have affected his substantial rights. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996, 999 (*Hodge*) ["a trial court's order declining to exercise its discretion under section 1172.1 to recall a defendant's sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant's substantial rights under section 1237, subdivision (b)"]; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696-697 (*Faustinos*), review den. June 11, 2025, S289909.)

Accordingly, the order denying defendant's motion for resentencing is not an appealable order, and the appeal must be dismissed. (*Hodge*, *supra*, 107 Cal.App.5th at p. 991; *Faustinos*, *supra*, 109 Cal.App.5th at p. 692.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

CODRINGTON _____
              Acting P. J.
MENETREZ _____
              J.